# IN RE: ESTATE OF ARTHUR E. DAVIS, Deceased
## Case No. 81-3058
Seventeenth Judicial Circuit, Probate Division, Broward County

June 8, 1983

### APPEARANCES OF COUNSEL

**Todd L. Smith** and **Nancy Lee Hoffman** for petitioner, Arthur E. Davis, Jr.

**Jerrold E. Shaffner** for personal representative.

### OPINION OF THE COURT

W. CLAYTON JOHNSON, Circuit Judge.

#### *ORDER OF CLARIFICATION ON PETITION FOR REVOCATION OF PROBATE*

This cause was further considered pursuant to a remand for clarification by the Fourth District Court of Appeal opinion of March 30, 1983 relative to this court's order dated October 21, 1981 denying a petition for revocation of probate.

This court did find that the petitioner herein had produced sufficient evidence to raise the presumption of undue influence upon the testator

by the beneficiary personal representative, Claire Jones, and did further find "sufficient evidence to rebut the presumption of undue influence *which now disappears*" (this court's emphasis).

In an effort to follow the dictates of our Florida Supreme Court, *In re: Estate of Carpenter*, 253 So.2d 697, this court's rush to judgment produced a less than artful discussion of vanishing presumption on the issue of undue influence. This court concluded that the personal representative, Claire Jones, carried her burden of coming forward with a reasonable explanation for her active role in the decedent's affairs and specifically in assisting in the testator's presence at the law office of attorney, Christopher L. Cloney, for the will preparation, whereupon "when the burden is satisfied the presumption will vanish from the case and the...judge will be empowered to decide the case in accord with the greater weight of the evidence without regard to the presumption", page 704 of *In re: Carpenter*, supra. "Since the facts giving rise to the presumption are themselves evidence of undue influence, those facts remain" (page 705 of *In re: Carpenter)* in evidence for consideration by this court along with all the evidence of petitioner and Claire Jones the proponent of the will on the issue of undue influence.

With respect to the evidence offered by the personal representative this court was particularly impressed by the testimony of Edward Arthur Davis, grandson of the testator and son of petitioner, who related that he talked to the testator once every two weeks up to the death of the testator and was advised by the testator that he wanted Claire Jones to get all his property and not the petitioner. Said grandson related that he is friendly with his father, the petitioner, and was testifying solely because the testator asked him before dying to do his best to see that his wishes were carried out. The grandson described the testator as strong-willed up to his death and "knew what he wanted and did as he wanted when he wanted; and told me his attorney was Cloney and I should write it down"; that he (testator) never spoke of changing his will but of always leaving his property to the neighbor Jones.

Additionally, this court was obliged to consider the testimony of an examining psychiatrist, Dr. Claude Moraes, who conducted a 45-minute mental status examination of testator seven days prior to execution of the will. He related that the testator was alert, completely oriented and stated to the doctor that "he was making this will on his own request and that he wanted to make certain that the will would not be contested after he died". The doctor further stated that the testator answered yes to his questioning as to whether he felt his will would be

50

contested after he died. Dr. Moraes also stated at page 189 of the record, "He told me that he had two heirs: one was his son and one was the stepdaughter. He stated he had no real ties to his stepdaughter at that particular time because she had not spent ay time with him and had not done anything for him. And he indicated that he did not want to leave his estate to his son." Further, Dr. Moraes related there was no indication that the testator was making this will under the influence or under the direction of another person and that the testator said "he was making this of his own free wish".

The petitioner herein admitted that his father, the testator, had also excluded him from a prior will (joint and identical to mother's 1977 will) because the petitioner sold his Massachusetts home and moved to New York. The record herein reflects (respondent's #4 exhibit) a will dated October 4, 1979 of petitioner's deceased wife, Ethel, which stated: "FOURTH: Insofar as I have failed to provide for my son Arthur E. Davis, Jr. or his issue, such failure is intentional and not occasioned by accident or mistake."

The court had to further consider the weight of attorney Cloney's testimony that the testator was quite emphatic in his desire not to will any of his property to petitioner and that attorney Cloney telephoned testator subsequent to his office visit to assure himself (Cloney) that testator wanted his property to go to. Claire Jones and not his son.

Upon consideration of all the evidence herein, inclusive of the facts giving rise to the previously described presumption of undue influence, this court is compelled to follow "the traditional view in Florida that a properly executed will should be given effect unless it clearly appears that the free use and exercise of the testator's sound mind in executing his will was in fact prevented by deception, undue influence or other means", *In re: Carpenter*, supra, at 704. Accordingly, the greater weight of the evidence supports the proponent of the will and the petition to revoke probate of the will on the basis of undue influence is and should be denied as previously ordered.